**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

NEIL ROBINSON, AIS 173001,     :

     Petitioner,     :

vs.     :     CA 15-0276-CG-C

CYNTHIA STEWART,     :

     Respondent.

## REPORT AND RECOMMENDATION

Neil Robinson, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 3.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72 and General L. R. 72(b)(2)(R) (effective August 1, 2015). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).[1]

## FINDINGS OF FACT

Based on the allegations gleaned from the petition for writ of habeas corpus (Doc. 3), Robinson entered counseled guilty pleas to receiving stolen property, second-degree arson, third-degree burglary, and first-degree attempted theft of property in the Circuit Court of Mobile County, Alabama on March 9, 2006; he was sentenced, that same date, to concurrent twenty-year terms of imprisonment (*see id.* at 2). Robinson did

---

[1] In light of the contents of this report and recommendation, petitioner's motion to proceed without prepayment of costs and fees (Doc. 4) is **DENIED**.

not appeal his  convictions and sentences, allegedly because his attorney did not make him fully aware of his constitutional rights. (*Id.* at 3.)  Moreover, petitioner did not collaterally attack these convictions and concurrent sentences in the state courts of Alabama. (*Id.* at 4.)

Robinson filed the instant petition in this Court on or about June 18, 2015 (Doc. 3, at 12), and from that document the undersigned discerns that petitioner is claiming that he is "jurisdictionally" innocent of all charges for which he pled guilty on March 9, 2006 inasmuch as the state trial court lacked jurisdiction since all arrest warrants and indictments (and Alabama statutes) were fatally void (*see id.* at 11, 13-15 & 17-19; *cf.* Doc. 6, at 3-8).

## CONCLUSIONS OF LAW

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case.").  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. foll. § 2254, Rule 4.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners

must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and, therefore, the timeliness of Robinson's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his receiving stolen property, second-degree arson, third-degree burglary, and first-degree attempted theft of property convictions became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811,

145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Robinson's conviction became final in 2006.

Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]" In this case, Robinson's convictions became final on or about April 20, 2006, that is, forty-two (42) days following the time for filing an appeal in accordance with Ala.R.App.P. 4(b)(1) expired. Ala.R.App.P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (6 weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)."); *see Simmons v. Upton*, 2007 WL 2375823, *2 (M.D. Ga. Aug. 14, 2007) ("Georgia law provides that an appeal of a guilty plea shall be filed within 30 days of such plea. . . . In this case, petitioner entered a guilty plea on May 25, 2001; petitioner did not file a direct appeal, therefore, his conviction became final on or about June 25, 2001, when the time for filing such an appeal expired."); *Jennings v. Meadows*, 2006 WL 1134083, *2 (S.D. Ga. Apr. 21, 2006) ("[B]ecause Petitioner did not file an appeal, his conviction became 'final' when the thirty (30) day period to appeal provided for by O.C.G.A. § 5-6-38(a) expired. As Petitioner's conviction and sentence were rendered on March 20, 1998, his conviction became final on or about April 19, 1998."); *Sweet v. Crosby*, 2006 WL 1319440, *1 (M.D. Fla. May 12, 2006) ("Petitioner's conviction was entered on August 14, 1998. Because he did not file a direct appeal, his conviction became final thirty days later, on September 14, 1998."); *cf. Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."). Thus, Robinson's limitations period

commenced on April 20, 2006 and expired on April 20, 2007, *see Guenther, supra*, 173 F.3d at 1331, more than eight (8) years before he filed the instant § 2254 application.

Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"), because—by his own admission (*see* Doc. 3, at 3-4)—he did not file any state collateral attacks on his convictions and concurrent sentences during the relevant limitations period, *see Pace v. DiGuglielmo*, 544 U.S. 408, 413, 125 S.Ct. 1807, 1811-1812, 161 L.Ed.2d 669 (2005) ("As in *Artuz*, we are guided by the 'common usage' and 'commo[n] underst[anding]' of the phrase 'properly filed.' In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exceptions. The purpose of AEDPA's statute of limitations confirms this commonsense reading. On petitioner's theory, a state prisoner could toll the statute of limitations at will by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a *de facto* extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like Webster's that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991, 121

S.Ct. 481, 148 L.Ed.2d 454 (2000). Accordingly, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence of the crimes he pleaded guilty to on March 9, 2006.

In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id*. at 645, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue:  "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time.  *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the]

rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at 653, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.
>
> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 651-652, 130 S.Ct. at 2564. It is also clear that a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See San Martin v. McNeil,* 633 F.3d 1257, 1268

(11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied sub nom. San Martin v. Tucker,* ___ U.S. ___, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011).

Robinson makes no argument that he is entitled to equitable tolling of the one-year limitations period, and since "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D. Miss. Jul. 9, 2013), the undersigned is left with considering petitioner's argument that ADEPA's one-year limitations period is inapplicable because he is making a jurisdictional "actual innocence" challenge to his convictions and sentences (*see, e.g.,* Doc. 3, at 11). In making this argument, petitioner cites to *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) and appears to suggest that the Supreme Court recognized jurisdictional actual innocence in that case and that since the indictments and arrest warrants in his underlying criminal cases are void and violate the Constitution and the "Treaty Law of Nation Al-Moroccan Empire" (Doc.. 3, at 11), the one-year limitations period is inapplicable. Initially, the undersigned notes that the Supreme Court, in *McQuiggin, supra,* nowhere recognized the concept of "jurisdictional" actual innocence. *See, e.g., id.* at 1928 & 1936. Indeed, the Supreme Court specifically held only that "actual [factual] innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id.* at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id.* (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.*, quoting *Schlup v. Delo,* 513 U.S. 298,

329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Robinson, of course, makes no actual innocence argument because he has offered no new evidence establishing his actual (factual) innocence of those crimes to which he pled guilty on March 9, 2006 (*see, e.g.,* Doc. 3, at 11). Petitioner's conclusory citation to the United States Constitution and "Treaty Law" of the "Al-Moroccan Empire"[2] simply does not establish his actual innocence of the crimes to which he entered counseled guilty pleas on March 9, 2006. Therefore, petitioner cannot take advantage of the actual innocence gateway recognized in *McQuiggin.*

Finally, to the extent Robinson's pleadings can be read to assert the argument that the one-year limitations period is inapplicable to his case because he raises jurisdictional claims, this argument need be rejected. Petitioner has cited no authority that stands for the proposition that alleged jurisdictional issues are exempt from the one-year limitations period; indeed, the authority in existence stands for the contrary. *See, e.g., Barreto-Barreto v. United States*, 551 F.3d 95, 100 (1st Cir. 2008) (pointing out that "[n]othing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year limitations period" and holding that such petitions "are not exempt from § 2255's filing deadline"); *Davis v. Secretary, Dep't of Corrections*, 2009 WL 4730548, *1 (M.D. Fla. Dec. 7, 2009) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction to impose the sentence for the conviction because the indictment was defective."); *United States v. Williams,* 2009 WL 3230399, *8 (N.D. Fla. Oct. 2, 2009) ("Jurisdiction is specifically listed

---

[2]    Robinson has cited no binding precedent recognizing that the "Treaty Law" of the "Al-Moroccan Empire" somehow "overcomes" the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d) based on conclusory allegations that all arrest warrants and indictments in his criminal cases are fatally void.

as a ground for § 2255 relief, and is not excluded from [] the one year limitations period of § 2255(f)[.]"), *aff'd,* 383 Fed.Appx. 927 (11th Cir.), *cert. denied,* __ U.S. __, 131 S.Ct. 846, 178 L.Ed.2d 575 (2010). Accordingly, the undersigned concludes that nothing other than Robinson's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period, nor has he established his actual innocence of the offenses to which he pled guilty. Thus, petitioner's arguments fail and the undersigned simply recommends that this Court find his federal habeas petition decidedly time-barred. *Cf. Justo v. Culliver,* 317 Fed.Appx. 878, 881 (11th Cir. Aug. 21, 2008) ("Justo fails to show actual innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.").[3]

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds

---

[3]         "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, *Jackson, supra*, 292 F.3d at 1349, within the context of Rule 4, *Johnson v. Chase*, 2006 WL 2949442, *1 (S.D. Ga. Oct. 16, 2006) ("Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions that are time barred."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Robinson should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.  *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit

order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa,* 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Neil Andrew Robinson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis.*

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 10th day of August, 2015.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**